IN THE CIRCUIT COURT OF WASHINGTON COUNTY
AT JONESBOROUGH, TENNESSEE

HARRY A. CHURCH,        )
                        )        March 8 11
        Plaintiff       )        11:05
                        )        Karen Guinn, Clerk
vs.                     )
                        )
THE REDFLEX GROUP, INC. )        Case no: 29249
                        )        JURY DEMANDED
        *Defendant.*    )

COMES NOW PLAINTIFF Harry A. Church, by and through counsel and in the above styled

action and would show unto this Court as follows:

   I.  THAT Washington County Circuit Court is proper with respect to jurisdiction because:

       1.  Plaintiff is a resident of the State of Tennessee;

       2.  That all or most salient facts out of which the matter at bar arose occurred in

           Washington County, Tennessee;

       3.  That Defendant The Redflex Group is regionally headquartered at Knoxville,

           Tennessee; and

       4.  That all or most salient facts out of which the matter at bar arose were the result of

           Defendant's actions which occurred in Washington County, Tennessee

   II.  THAT on or about November 16, 2009, Plaintiff received a notice from Defendant

        stating that Plaintiff had committed a traffic violation and thus owed Defendant and its

        agent the Town of Jonesborough in the amount of $88.75 USD;

   III. That Plaintiff promptly obliged, check dated November 16, 2009;

   IV.  That Defendant Redflex did withdraw $88.75 USD from account number listed on the

        check referred to in paragraph II above;

   V.   That on or about March 13, 2010 Defendant did subsequently issue a *second* notice

        ordering Plaintiff to pay *again*, and stating that Plaintiff would be reported to a

I HEREBY CERTIFY THAT THIS IS A TRUE AND
EXACT COPY OF THE ORIGINAL DOCUMENT AS
IT APPEARS AT THE WASHINGTON COUNTY
CIRCUIT COURT.
KAREN GUINN, CLERK
Martha B. Shanks D.C.

**EXHIBIT**
1

collection agency should he not oblige;

VI. That Plaintiff upon attempting to contact Defendant The Redflex Group via telephone
was met with coarse and abrupt opposition and accusation;

VII. That Plaintiff was advised via a telephone conversation with Defendant The
Redflex Group on or about March 14th that he would be reported to a credit bureau;

VIII. That Plaintiff was advised via a telephone conversation with Defendant's agent
the Town of Jonesborough that Plaintiff was not the first to have been "double billed";

IX. That Defendant because of the nature of credit damage and the potential thereof arising
from credit reporting owed a duty of care to violators of traffic cameras and should have
been aware of said duty and of the fact that any breach thereof would cause
unreasonable harm;

X. That Defendant because of the nature of credit damage and the potential thereof arising
from credit reporting owed a duty of care to violators of traffic cameras and was indeed
subjectively aware of said duty and of the fact that any breach thereof would cause
unreasonable harm;

XI. That Plaintiff for fear of credit damage was forced to abandon pressing business matters
to immediately resolve the issue and indeed did order the bank records sent to Redflex,
and did hire Counsel;

XII. That Plaintiff did suffer unreasonable harm as a result of the foregoing;

XIII. That said harm included mental anguish, opportunity cost, and reasonable
attorney fees;

XIV. That the foregoing list of harms is not exhaustive;

XV. That Defendant's agent the Town of Jonesborough did inform Mr. Church via a
telephone operator that "double-billing" was indeed an ongoing problem;

XVI. That such is indeed evidence of recklessness on the part of Defendant;

WHEREFORE Plaintiff prays for the following relief:

1. That this Court award compensatory damages in the amount of three thousand USD against Defendant under statutory and/or common law grounds of negligence for the harms caused to Plaintiff;

2. That this Court award punitive damages in the amount of not more than One Million USD against Defendant under statutory and/or common law grounds of recklessness;

3. That this Court grant Plaintiff any such other relief as is deemed necessary and proper in light of the foregoing and any other facts;

Respectfully Submitted,

HARRY A. CHURCH

By: _____

Richard Phillips, TN BPR # 027895
Attorney for Plaintiff
The Law Office of Richard Phillips
300 East Main Street Ste # 302D
Johnson City, TN 37601
phone 423 341 8204
fax 423 928 9148
email rjpmilligan@comcast.net

STATE OF TENNESSEE           )
                             )
COUNTY OF WASHINGTON         )


I, HARRY A. CHURCH, after having duly been sworn according to law, make oath that I have read the foregoing Complaint and that the facts stated therein are true to the best of my knowledge, information and belief, and that this Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned therein.

_____

HARRY A. CHURCH

SWORN TO AND SUBSCRIBED before me this the 7 day of _March_ , 2011.

_Rachel Ray_

Notary Public

My commission expires: 9-29-14

# Law Court of Johnson City
## For Washington County
### 101 E. Market St., Johnson City, Tennessee 37604

_____

_____

vs.                    Plaintiff

The Rescue Group, Inc.
c/o Michael Kelley, ESQ
Kramer, Rayson, LLP
550 Main St W, Knoxville
Knoxville, TN 37902

_____

Defendants

**Civil Summons**

No. _____

### NOTICE
### TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution of seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To the above named defendant(s):

You are hereby commanded and required to serve upon ___Richard Phillips___,

plaintiff's attorney, whose address is __300 E Main St #300, Johnson City, TN 37601__,

an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Issued this ___25___ day of ___May___, 20_11_, at _9:55 A_ M.

**KAREN GUINN**

| ADA – IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE, PLEASE CONTACT 461-1415 OR 753-1747 |
|---|

_____ Clerk

By: ___Meghan B. Shanks, D.C.___

Deputy Clerk

Received this _____ day of _____, 20 _____.

_____

Sheriff – Deputy Sheriff

# RETURN

I certify and return that I:

☐ served this summons together with the complaint as follows: _____

_____

☐ failed to serve this summons within ninety (90) days after its issuance because _____

_____

Date_____

_____
*Deputy Sheriff*

☑ accept service

I, ___Michael S. Kelley___ - Attorney for the defendant, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Washington County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the __26th__ day of ___May___, 20_11_.

_____
*Defendant's Counsel*