UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| HARRY A. CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:11-cv-187 |
| | ) | |
| THE REDFLEX GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Comes the defendant Redflex Traffic Systems, Inc. ("Redflex"), by counsel, and files this Memorandum in Support of its Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). Dismissal is appropriate under the pleading standards established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1949-50 (2009) because the Complaint fails to allege facts to support a claim of negligence or a claim for punitive damages under Tennessee law. In lieu of factual allegations, the Complaint includes only labels and legal theories. Under *Twombly* and *Ashcroft,* a complaint in this form is legally defective and should be dismissed.

## FACTUAL ALLEGATIONS[1]

This lawsuit grows out of a citation of Eighty-Eight Dollars and Seventy-Five Cents ($88.75) that Plaintiff received for violating a traffic ordinance of the Town of Jonesborough (the "Town") in the fall of 2009. Although not explained in the Complaint, Redflex is a vendor for the Town and operates the Town's red light photo-enforcement system.

---

[1] This summary is taken from the Complaint filed in this cause. Although some of these allegations are inaccurate, all factual allegations are accepted as true for purposes of this Motion to Dismiss.

According to the allegations in the Complaint, Plaintiff received a notice on or about November 16, 2009, stating that he had committed a traffic violation. Complaint ¶ II. Plaintiff alleges that he paid the citation by check, and this payment was credited. Id. The Complaint further alleges that, notwithstanding his having paid the citation, he subsequently received a second notice from Redflex. Complaint ¶ III. Although this notice is not attached to the Complaint, Plaintiff alleges that it threatened that he would be reported to a collection agency if he did not pay the citation. Id. The Complaint alleges that, when Plaintiff telephoned Redflex, he was "met with coarse and abrupt opposition and accusation" and was once again threatened with being reported to a credit agency. Complaint ¶¶ VI, VII. The Complaint does not indicate whether Plaintiff contacted the Town or otherwise attempted to have the error corrected with the Town or Redflex. It does allege, however, that he obtained copies of his bank records and had these records sent to Redflex. Complaint ¶ XI.

The Complaint does not expressly state that his action in sending the bank records to Redflex resolved the confusion, but this appears to be implicit in the Complaint. There is no allegation that either Redflex or the Town actually reported Plaintiff to a credit agency nor is there an allegation that his credit rating was negatively impacted by the alleged "double-billing." Plaintiff's only alleged damages are "mental anguish, opportunity cost, and reasonable attorney fees." Complaint ¶ XIII. As to these claims, the Complaint does not allege that Plaintiff received any medical treatment for the "mental anguish," does not allege any specific business opportunity that was missed, and does not identify a statutory or contractual basis for an award

of attorney fees. Plaintiff seeks Three Thousand Dollars ($3,000) in compensatory damages for negligence and One Million Dollars ($1,000,000) in punitive damages.[2]

ARGUMENT

I. THE MOTION TO DISMISS SHOULD BE GRANTED AS TO PLAINTIFF'S UNDERLYING NEGLIGENCE CLAIM BECAUSE DEFENDANTS DID NOT OWE PLAINTIFF A DUTY OF CARE.

As an initial matter, Plaintiff has failed to sufficiently plead facts that would support his underlying claim of negligence. To prove negligence in Tennessee, a plaintiff must show: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct on the part of the defendant that fell below the standard of care and amounted to breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal causation. *Biscan v. Brown*, 160 S.W.3d 462, 478 (Tenn. 2004). The existence of a duty of care is a question of law, not of fact. *Id.* Generally, for a duty to be owed, there must be some "special relationship" between the plaintiff and defendant. *Id.* at 478-79.

Here, even if the allegations in the Complaint are taken as true, Redflex is entitled to dismissal because no facts are alleged which establish a special relationship or otherwise demonstrate a duty of care as between Redflex and Plaintiff. There was no contractual relationship between the parties that would create a duty on behalf of Redflex nor is there any other type of special relationship between them. Plaintiff is a Tennessee resident who received a traffic citation for violating an ordinance of the Town of Jonesborough. Although not detailed in the Complaint, it is clear that Redflex is a private company that the Town has contracted with to assist it in handling photo-enforcement, including the collection of delinquent citations. The sole contact between Plaintiff and Redflex occurred when he contacted the company after

---

[2]Punitive as well as compensatory damages claimed by the plaintiff are to be considered in determining whether the requisite jurisdictional amount is actually in controversy. *Wood v. Stark Tri-County Building Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973).

3

receiving a dunning letter which was apparently an error. As a matter of law, this tenuous connection is insufficient to establish a duty of care on behalf of Redflex.

Furthermore, although it appears that Tennessee courts have not addressed the issue, courts in other jurisdictions have said that there is generally no duty of care in such circumstances. *See, e.g., Robinson v. Greystone Alliance, LLC*, 2011 U.S. Dist. LEXIS 69901 (D. Md. June 29, 2011); *Bledea v. Indymac Fed. Bank*, 2010 U.S. Dist. LEXIS 23391 (E.D. Cal. Feb. 25, 2010). In *Robinson*, for example, the court said that it was unaware of "any authority . . . recognizing a duty of care in the area of debt collection." *Robinson*, 2011 U.S. Dist. LEXIS 69901, at *30. Similarly, in *Bledea*, the court considered whether a financial institution which engaged in such activities had any type of duty to a borrower. The district court rejected the argument that a duty is owed, stating that a financial institution usually owes no duty to a borrower. 2010 U.S. Dist. LEXIS 23391, at *25 (stating that "taking payments, charging fees, and reporting on creditworthiness are conventional activities of a lender [from which no duty arises])" *Id.* at *27.

Just so, Redflex owes no generalized duty of care to Plaintiff, and Plaintiff has failed to allege any facts from which such a duty could be inferred. Just as no duty is created by the actions of a debt collector or a financial institution acting in its regular business, Redflex has taken no actions from which a duty of care could arise. Furthermore, Plaintiff has failed to allege that a contractual or other "special relationship" which would create a duty of care. For these reasons, Redflex requests that the negligence claim in the Complaint be dismissed.

4
Case 2:11-cv-00187   Document 8   Filed 07/06/11   Page 4 of 7   PageID #: 26

II.  THE MOTION TO DISMISS SHOULD BE GRANTED AS TO PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES BECAUSE THERE ARE NO FACTUAL ALLEGATIONS DEMONSTRATING THAT DEFENDANT ACTED EITHER INTENTIONALLY, FRAUDULENTLY, MALICIOUSLY, OR RECKLESSLY IN CONNECTION WITH THE ERROR REGARDING PLAINTIFF'S PAYMENT OF THE CITATION.

Redflex avers that Plaintiff has failed to allege facts sufficient even to support a simple negligence claim in that the company owed no duty of care to Plaintiff. See II.A above. Irrespective of that issue, however, Plaintiff has failed to allege any facts to meet the substantially higher standard for seeking punitive damages under governing Tennessee law.[3] As Judge Collier recently noted, "Tennessee courts restrict punitive damages 'to cases involving only the most egregious of wrongs.'" *Hunter v. CVS Pharmacy & Abbott Laboratories*, 2011 U.S. Dist. LEXIS 5566, at * 19 (E.D. Tenn. Jan. 19, 2011) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992)). Here, the allegations in the Complaint do not meet this exacting standard, and dismissal is appropriate.

In *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, the Tennessee Supreme Court adopted a more stringent standard for a party to receive an award of punitive damages, joining "a growing doctrinal trend away from the liberal imposition of punitive damage awards." *Vogt v. Emerson Electric Co.*, 805 F.Supp. 506, 511 (M.D. Tenn. 1992). Focusing upon the fact that punitive damages were intended to punish defendants and to deter others from engaging in similar conduct, the *Toof* court restricted punitive damages to cases where a plaintiff can prove that the defendant's conduct was intentional, fraudulent, malicious, or reckless. *Hodges*, 833 S.W.2d at 901. *See also Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 208 (Tenn. Ct. App. 2007).

---

[3] Where a plaintiff's complaint is based upon alleged violations of state law, as here, a federal court looks to state law to determine whether and to what extent punitive damages may be available. *National Polymer Products, Inc. v. Borg-Warner Corporation,* 660 F.2d 171, 183 *(*6th Cir. 1981), *Saval v. Frost*, 710 F.2d 1027, 1033 (4th Cir. 1983).)

Further, a party must prove its right to punitive damages by clear and convincing evidence -- "evidence in which there is no serious of substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges*, 833 S.W.2d at 901, n. 3.

Here, there simply are no factual allegations, as opposed to legal conclusions, upon which a legitimate punitive damage claim can be asserted. There is not and cannot be a good faith claim that Redflex intentionally sent a dunning letter, knowing full well that Plaintiff had paid, with some perverse intent to worry him. There is not and cannot be a good faith claim that the company engaged in some type of fraudulent conduct, attempting to get double payment for one violation. There is not and cannot be a good faith claim that this was some type of malicious act designed to harass a Tennessee citizen. The closest that the Complaint comes to meeting the standard established in *Hodges* is the single, conclusory statement that an unidentified telephone operator for the Town of Jonesborough informed Plaintiff that "double-billing" was "an ongoing problem." Complaint XV. This, the Complaint alleges, is "evidence of recklessness on the part of Defendant." *Id*. XVI.

Even if true, however, this bald allegation does not establish the type of egregious conduct which would warrant punitive damages. There are no facts alleged which establish that this ongoing problem was caused by Redflex, as opposed to the Town or the bank where the Town's funds are held. There are no facts which demonstrate that the Town and Redflex were ignoring the problem, as opposed to making an effort to fix it. As a matter of law, there simply are no facts alleged in the Complaint which warrant a conclusion that Plaintiff's being sent a dunning letter erroneously was anything more than a simple mistake. However the mistake happened, if it actually happened, there are no facts alleged which would support a punitive damage claim under the high standard established in *Hodges*. Under *Twombly* and *Ashcroft,*
test

labels without facts are insufficient to state a claim for relief, and such claims must be dismissed. 127 S.Ct. 1955, 129 S. Ct. 1949-50.

## CONCLUSION

For each of these reasons, Redflex Traffic Systems moves the Court to dismiss the Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6).

Dated this 6th day of July, 2011.

Respectfully submitted,

/s/ Michael S. Kelley
Michael S. Kelley BPR #014378
Kathy D. Aslinger BPR #019282
KENNERLY, MONTGOMERY & FINLEY, P.C.
4th Floor, Nations Bank Center
550 Main Street
P.O. Box 442
Knoxville, TN 37901
(865) 546-7311

Attorneys for Redflex Traffic Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify at on July 6, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing by operation of the Court's electronic filing system to all parties registered to receive notifications electronically.

/s/ Michael S. Kelley