IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| HARRY A. CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11-CV-187 |
| | ) | |
| THE REDFLEX GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This civil action is before the court for consideration of defendant's "Motion to Dismiss" [doc. 7]. On August 18, 2011, the court granted plaintiff's motion for additional time to respond to the motion, giving plaintiff more than an additional 30 days to respond, or until September 9, 2011 [doc. 11]. That deadline has passed, and plaintiff has not filed a response. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. For the reasons that follow, the motion will be granted, and this case will be dismissed.

I.

*Background*

This case was originally filed in the Circuit Court of Washington County, Tennessee and was removed by defendant on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The facts that follow are taken from the complaint. Plaintiff sued defendant over

a $88.75 traffic violation that occurred in the Town of Jonesborough, Tennessee. The complaint does not make clear that defendant operates the Town's red light photo-enforcement system.

Plaintiff received a notice from defendant on or about November 16, 2009, that he had committed a traffic violation and that he owed the Town of Jonesborough $88.75. Plaintiff paid the fine by a check dated November 16, 2009, and defendant negotiated the check. However, on or about March 13, 2010, defendant issued plaintiff a second notice to pay the fine or he would be reported to a collection agency. Plaintiff alleges that his efforts to contact defendant were met with "coarse and abrupt opposition and accusation," and that on or about March 14, [2010] he was told he would be reported to a collection agency. Plaintiff contacted the Town of Jonesborough and was told that he was not the first person to have been "double billed" and the "double billing" was an ongoing problem. The complaint indicates that plaintiff obtained bank records and sent them to defendant. There is no indication that any collection efforts were ever initiated or that plaintiff was even reported to a collection agency.

Plaintiff asks for compensatory damages of $3,000 and $1,000,000 in punitive damages. He claims to have suffered harm including "mental anguish, opportunity cost, and reasonable attorney fees."

## II.

### *Standard of Review*

Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555(2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

III.

*Analysis*

**Negligence Claim**

Defendant contends that plaintiff has failed to allege facts sufficient to support a claim for negligence. To establish a claim for negligence in Tennessee, a plaintiff must demonstrate "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause." *Leatherwood v. Wadley*, 121 S.W.3d 682, 693-94 (Tenn. Ct. App. 2003) (citing *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993)).

Defendant argues that it did not owe a duty of care to plaintiff and that there was no contractual or special relationship between the parties that would create a duty; thus, plaintiff's negligence claim must fail. Plaintiff received a dunning letter that was apparently in error since he states in the complaint that he had already paid the traffic fine. When he contacted defendant, he was met with threats that his account would be turned over to a collection agency if the fine was not paid. Plaintiff had apparently been subject to the "double billing" problem referenced by the Town of Jonesborough's representative. There is no allegation in the complaint, however, that his account was ever turned over to a collection agency or that any collection procedures were ever pursued.

Defendant argues that it appears Tennessee courts have not addressed this issue, but courts in other jurisdictions have found no general duty of care in like circumstances. *Bledea v. Indymac Fed. Bank*, No. CIV. S-09-1239 LKK/GGH, 2010 WL 715255, at *10 (E.D. Cal. Feb. 25, 2010) (reporting on creditworthiness a conventional activity for a lender and no duty of care sounding in negligence). In Tennessee there does appear to be a general duty of care on a creditor engaging in actual collection efforts. *Searle v. Harrah's Entm't, Inc.*, No. M2009-02045-COA-R3-CV, 2010 WL 3928632, at *8 (Tenn. Ct. App. Oct. 6, 2010) (defendant breached duty of reasonable care by failing to investigate further photocopy of debtor's check before commencing collection procedures). The plaintiff here was not subjected to any collection procedures nor is there any allegation his account was actually turned over to a collection agency.

The court agrees with defendant that plaintiff has failed to state a claim for negligence, and that claim will be dismissed.

**Punitive Damages Claim**

Defendant has also moved to dismiss plaintiff's claim for punitive damages. Under Tennessee law, to obtain an award of punitive damages, the plaintiff must prove defendant acted intentionally, fraudulently, maliciously, or recklessly. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). Punitive damages are to be awarded "only in the most egregious of cases." *Marshall v. Cintas Corp., Inc.*, 255 S.W.3d 60, 76 (Tenn. Ct. App.

5

2007) (citing *Hodges,* 833 S.W.2d at 901).

> It is abundantly clear that the Supreme Court [in *Hodges v. Toof*] made every attempt to structure a procedure for consideration of punitive damages that would result in their award only **in cases where the behavior is so reprehensible that it must be both punished and deterred**.

*Collins v. Arnold*, No. M2004-02513-COA-R3-CV, 2007 WL 4146025, at *19 (Tenn. Ct. App. Nov. 20, 2007) (citations omitted) (emphasis added). The award of punitive damages is an expression of moral condemnation. *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001).

Plaintiff bases his claim for punitive damages on the recklessness of the defendant. He alleges in the complaint that "double-billing" by the defendant, characterized as an ongoing problem by the Town of Jonesborough, was "indeed evidence of recklessness on the part of the Defendant."

> A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all circumstances.

*Hodges*, 833 S.W.2d at 901. Nothing in the complaint, taken as true, demonstrates that defendant's alleged conduct comes even close to the reprehensible and egregious level necessary for the imposition of punitive damages. Therefore, the claim for punitive damages will be dismissed.

6

IV.

*Conclusion*

For all the foregoing reasons, defendant's motion to dismiss will be granted, and this case will be dismissed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge